1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT MITCHELL,

11              Plaintiff,                    No. CIV S-06-2321 GEB  GGH P

12        vs.

13   D.G. ADAMS, et al.,

14              Defendants.             <u>ORDER</u>

15   _____/

16            A status conference in this prisoner civil rights case was held before the

17   undersigned on April 28, 2011.  Certified Law Student Daniel Choi and Carter White,

18   Supervising Attorney of the King Hall Civil Rights Clinic, appeared on behalf of plaintiff.

19   Deputy Attorney General Grant Lien represented the defendants.  Plaintiff's newly appointed

20   counsel sought leave to proceed to depose one individual, a Corcoran State Prison correctional

21   officer named S. G. Vasquez, which leave was granted with the understanding that the deposition

22   would be completed at least 30 days before the final pretrial conference.

23            **The final pretrial conference before the Honorable Garland E. Burrell, Jr., is**

24   **now set for Monday, August 22, 2011, at 1:30 p.m.   Trial before Judge Burrell is set for**

25   **Tuesday, October 25, 2011, at 9:00 a.m.**

26   \\\\\

FINAL PRETRIAL CONFERENCE

The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference.  The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.  The joint pretrial statement shall specify the issues for trial, including a description of each theory of liability and affirmative defense, and shall estimate the length of the trial.  The parties should identify those facts which are relevant to each separate cause of action.  In this regard, the parties are to number each individual fact or factual issue.  Where the parties are unable to agree as to what factual issues are properly before the Court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue.  The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action.  The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the Court and all parties about the precise issues that will be litigated at trial.  The Court is not interested in a listing of all evidentiary facts underlying the

\\\\\

1   issues that are in dispute.[1]  The parties shall specify the relief sought in the form of money

2   damages and injunctive relief.  If a trial by jury has been preserved, the joint pretrial statement

3   shall also state how much time each party desires for voir dire, opening statements, and closing

4   arguments.  Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide a list

5   of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose.  These

6   lists shall not be contained in the joint pretrial statement itself, but shall be attached as separate

7   documents to be used as addenda to the final pretrial order.  Plaintiff's exhibits shall be listed

8   numerically; defendants' exhibits shall be listed alphabetically.  The final pretrial order will

9   contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the

10  final pretrial order.  Counsel are cautioned that the standard will be strictly applied.  On the other

11  hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be

12  viewed as an abuse of the Court's processes.

13          The Court uses the parties' joint pretrial statement to prepare its final pretrial

14  order and could issue the final pretrial order without holding the scheduled final pretrial

15  conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no

16  requirement that the court hold a pretrial conference.").

17          If possible, at the time of filing the joint pretrial statement counsel shall also email

18  it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

19          IT IS SO ORDERED.

20  DATED: April 29, 2011

21                                         /s/ Gregory G. Hollows
                                          _____
22                                         GREGORY G. HOLLOWS
                                          UNITED STATES MAGISTRATE JUDGE

23

24  GGH:009
    mitc2321.ord

25  _____

26      [1]  However, with respect to the listing of undisputed facts, the court will accept
    agreements as to evidentiary facts.